GUSTAV FALK

v.

THE WHITMAN CIGAR COMPANY.

Under the Corporation act of 1896 (*P. L. of 1896 p. 299 § 68*), providing that all the property, rights and privileges of an insolvent corporation shall forthwith vest in the receiver upon his appointment, assessment calls on stockholders are properly made by the receiver under an order from the court.

On petition of receiver.

*Mr. Edward Q. Keasbey*, for the receiver.

*Messrs. Guild & Lum*, for the stockholders.

Falk v. Whitman Cigar Co.

STEVENS, V. C.

The question here raised is one of practice merely. It relates to the manner in which calls should be made upon the stockholders of insolvent corporations which are being wound up under the provisions of the Corporation act of 1896. In looking at the cases it appears that, in some instances, the court itself has made the call (*Hood* v. *McNaughton, 25 Vr. 426; Sanger* v. *Upton, 91 U. S. 58; Hawkins* v. *Glen, 131 U. S. 328, 334*), on the ground that the court will do what it is the duty of the company to do, and in others the court has directed the receiver to make it. *Scoville* v. *Thayer, 105 U. S. 146; Barkalow* v. *Totten, 8 Dick. Ch. Rep. 573.* While I think the stockholders would be bound whether it was made in the one way or the other, the latter method of assessment would seem to be the better under the act of 1896. It was long a question of doubt whether, under the former Corporation act, a receiver of an insolvent corporation was vested with the legal title to the assets of the corporation, or was merely their custodian, with the powers mentioned in the statute. In *Willink* v. *Morris Canal Co., 3 Gr. Ch. 400*, in *Receiver of State Bank* v. *First National Bank, 7 Stew. Eq. 456*, and in *Kirkpatrick* v. *Corning, 10 Stew. Eq. 59*, it was held that the title to the property was not changed, while in *Corrigan* v. *Trenton Delaware Falls Co., 3 Halst. Ch. 489*, in *Minchin* v. *Second National Bank, 9 Stew. Eq. 439, 440*, and in *Wilkinson* v. *Rutherford, 20 Vr. 242*, the opposite view seems to have been taken.

To settle this question, the act of 1896 (*P. L. of 1896 p. 299* § *68*), provided as follows:

"All the real and personal property of an insolvent corporation, wheresoever situate, and all its franchises, rights, privileges and effects, shall, upon the appointment of a receiver, forthwith vest in him, and the corporation shall be divested of the title thereto."

This property and these rights, privileges and franchises are vested in him *as receiver*, and, in the language of the opinion of the court of errors, in *Vanderbilt* v. *Central Railroad Co., 16 Stew. Eq. 682*, are to be held and exercised by him, under the

control of the court. One of the rights that might have been exercised by the corporation was the right to make an assessment, and this right, with the others, passed to the receiver as such. The situation, at least under the present statute, seems in all respects to be similar to that which existed under the late Bankrupt act, where, by operation of law, the assignment of the register vested the legal title of the bankrupt in the assignee. *Scoville* v. *Thayer*, *105 U. S. 146*, a case which arose under that act is, therefore a direct authority for the practice of directing the receiver to make the assessment, and this practice appears to me to harmonize best with the provisions of section 22 of the Corporation act, which provides that the directors shall give thirty days' notice of the assessment and of the time and place of payment. This notice in the case of insolvent corporations will be given by the receiver. It is, indeed, a necessary part of the " call." *Thomp. Corp.* §§ *2003, 2004.*

In the case in hand the receiver has followed the practice pursued in *Scoville* v. *Thayer*. He presented a petition to this court, setting forth the facts showing the necessity for an assessment. On this petition the court ordered the stockholders to show cause why it should not be made. The order was duly served, and on the day fixed for the hearing, many of the stockholders appeared by counsel. As no good cause was shown against the order, the prayer of the petition will be granted.